**J. C. McCLELLAN, Appellant,**

v.

**Bearl DARNELL et al., Appellees.**

Court of Appeals of Kentucky.

May 19, 1961.

Rehearing Denied Dec. 15, 1961.

Farland Robbins, Robbins & Cross, Mayfield, Rodney A. Miller, Fulton, for appellant.

Henry O. Whitlow, Waller, Threlkeld, Whitlow & Byrd, Paducah, for appellees.

MILLIKEN, Judge.

This appeal originated in a school board squabble resulting in withholding part of the salary of appellee, Bearl Darnell, superintendent of schools, and his replacement, before the expiration of his term, by his assistant, the appellant McClellan. After the withdrawal of their appeal by certain members of the school board and the expiration of Darnell's term of office on July 1, 1960, apparently the only remaining issue on the appeal is whether McClellan or Darnell is entitled to the salary withheld. Without specifically discussing the charges against Darnell, the learned chancellor adjudged him entitled to the office and its emoluments for the remainder of his term, and we concur in his conclusion.

When contiguous school districts are merged in this state "the members of the boards of education of the merged districts may serve out the terms for which they were elected." KRS 160.040. When the Hickman Independent School District and the Fulton County School District merged in February, 1956, the members of the respective school boards continued in office and on May 4 following, the members of the merged boards undertook to adjust one of the personnel problems created by the merger by authorizing the execution of a contract with J. C. McClellan (appellant), former superintendent of the Hickman Independent School District, for a period of four years, beginning July 1, 1956, as assistant superintendent of the new merged district, and by authorizing the execution of a 3-year contract with Bearl Darnell (an appellee), former superintendent of the Fulton County District, beginning July 1, 1957, as superintendent of the newly merged district and secretary of the school board. Again, in November, 1956, the minutes of the board disclose the intention to confirm the contract of Darnell. It was the purpose of the board to have the terms of the superintendent and assistant

superintendent terminate at the same time—July 1, 1960—and for that reason Darnell, who had a year to run on his old contract at the time of the merger, was offered a 3-year term instead of a 4-year one. At a meeting on January 4, 1957, the chairman of the board was authorized to sign the contract with Darnell which subsequently was done.

Despite the fact that Darnell served as superintendent pursuant to the aforesaid acts on the part of the board, recommended the selection of teachers and in other respects carried out the functions of the office, the office was declared vacant on October 2, 1959, and J. C. McClellan was appointed superintendent to fill the vacancy. Apparently, the controlling group on the board decided that the previous actions of that body had been illegal or ineffective and, as a consequence, Darnell never really had been superintendent of the newly merged district. The chancellor made short shrift of the contentions of the McClellan group, found Darnell holder of the office and directed that he be paid the salary withheld.

█ It is difficult for us to comprehend how the learned chancellor could have found otherwise on the record before us. The excerpts from the minutes of the board filed in the record, both before July 1, 1957, and after that date, reflect no schism on the board relative to the superintendency until the proceedings culminating on October 2, 1959, in the board's assumption that the office of Darnell was vacant. The chancellor made no specific findings on the charges against Darnell, so we are not in a position to pass on them specifically. In adjudging Darnell to be "the duly appointed, qualified and acting Superintendent of Schools of Fulton County, Kentucky, for the period and term ending June 30, 1960," we infer that he found that the charges against Darnell were not substantiated. CR 52.01.

█ It is significant that the vast majority of the board members who effected the merger of the districts were still in office at the beginning of Darnell's new 3-year term on July 1, 1957, and for that reason there is no factual basis for concluding that the old board tied the hands of the board in power in 1957. Certainly, the members of the board in 1960 had the power to make suitable arrangements for the period beginning July 1, 1960, when Darnell's 3-year term terminated.

The gist of this opinion was ready to be rendered in June, 1960, when members of the school board, who were then appellants, moved to dismiss their appeal, and it was mistakenly assumed at the time that appellant McClellan was a party to that motion. The appeal of the members of the school board was dismissed in compliance with their motion. On the appeal of the appellant, J. C. McClellan, the judgment is affirmed.